IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN THE MATTER OF THE SEARCH OF:

THE RESIDENCE LOCATED AT:
32 HILL STREET
ROSSITER, PA 15772

Magistrate No. 24-56
[UNDER SEAL]

### AFFIDAVIT AND APPLICATION IN SUPPORT OF SEARCH WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, Benjamin M. Cornali, being first duly sworn, hereby depose and state as follows:

### I. INTRODUCTION

1. Your affiant, Benjamin M. Cornali, being duly sworn, has been employed as a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (hereinafter "ATF") for over 23 years and has primarily conducted investigations of person(s) violating the Federal Explosives Laws. He has executed Federal search warrants which have resulted in the seizure of illegal explosive materials and destructive devices/ explosive bombs. In addition to your affiant's formal training and work experience, he has received, delivered, and conducted thousands of hours of specialized explosives training and work experience in explosives and is recognized as a Certified Explosives Specialist by ATF.

2. Your affiant is familiar with the facts and circumstances set forth in this affidavit because of his participation in this investigation, as well as from information received by him, or related to him by other law enforcement officers, persons, and/or other sources specifically identified herein.

3.     Your affiant has conducted investigations of violations of **Title 26, United States Code, Section 5861 et al.** – Possession of a firearm, i.e., a destructive device/ explosives bomb, which is not registered to him in the National Firearms Registration and Transfer Record.  This affidavit is submitted in support of a search warrant which will further the investigation into violations of **Title 26, United States Code, Section 5861(d)**. Your affiant knows it is unlawful for a person to receive, possess, manufacture, or transport a firearm, namely a destructive device/ explosive bomb, which is not registered to him in the National Firearms Registration and Transfer Record.  The term "firearm" is defined in 26 U.S.C. § 5845(a), which states that a "firearm" includes a "destructive device."  A "destructive device" is defined in 26 U.S.C. § 5845(f) as including an explosive device.  Based upon information that has been gathered as part of this investigation, there is probable cause to believe that Roam Beer has illegally manufactured, possessed and/ or transported a destructive device as they are so defined by Title 26, U.S.C. Section 5845(f), and that evidence and instrumentalities of this crime are located at Roam Beer's residence, 32 Hill Street, Rossiter, PA 15772.

4.     Your affiant also knows through training, knowledge and experience how destructive devices/ explosive bombs can be constructed. Heavy cardboard tubes are sometimes used, whereby a low explosive powder is confined inside the cardboard tube. Hot melt glue is used to seal the ends of the tube which is often referred to as an "end plug." A fuse or wick is inserted through this end plug thus contacting the explosive powder within.  The wick is designed to carry flame to the confined explosive in a regulated manner, thereby giving the human operator time to distance themselves from the eventual explosion.  Operators in fact often have time to throw the device away from

their bodies to avoid self-injury from the explosion. Injury and/or death to persons and damage to property can be increased during the explosion when "shrapnel" is added to the explosive device thereby weaponizing it. Shrapnel is a military term meaning items added to an explosive (such as nails, tacks, or metal BBs) which can be propelled a great distance from an explosion thus causing additional injury to persons than from the explosion alone.

## II.   PROBABLE CAUSE

5. On Friday, January 5, 2024, at approximately 10:17 PM, an explosion occurred at 511 Birch Way, New Kensington, PA. The single-family residence was occupied at the time by its owner, Patricia Beer. New Kensington Police Department (hereinafter "NKPD") officers responded and located a blast crater, apparently resultant from an explosion, along the north side of the house. In addition, they observed fragments of what they suspected to be an improvised explosive device to include an approximate 1 inch in diameter hot-melt glue end cap and metallic BBs, both loose and embedded in hot melt glue. Some of these BBs were found to have broken away from the glue and pierced/imbedded in the side of the home after having punctured its vinyl siding.

6. NKPD officers interviewed Patricia Beer, who suspected her estranged husband, Roam Beer, as being responsible for the explosion. Patricia had a current Protection from Abuse order against Roam Beer dating back to September of 2023, and he was not living in her residence since being evicted on or about September 22, 2023.

7. NKPD was able to view recorded video from Patricia Beer's exterior home security camera system. A camera located on the rear of her detached garage

captured the incident where an individual can be seen tossing the explosive device toward her house.  In particular, the video shows an image of a dark colored sedan driving in the alley behind the property.  The vehicle approached Patricia Beer's residence from Manion Way and parked near her garage.  The driver exited the vehicle, lit an object on fire, and threw the lit object in the direction of the residence. The driver then immediately re-entered the vehicle and pulled away down the alley and out of camera view. A second security camera, located on the front of the garage, captured the lit object as it landed along the north side of the residence. Within a few seconds the object exploded.

8. Upon viewing the video with NKPD officers, Patricia Beer stated that, while she could not recognize the vehicle, she believed the driver of the vehicle was Roam Beer.

9. On January 7, 2023, NKPD Detective Paul Manke Jr. caused a vehicle registration search for Roam Beer, finding one of Roam Beer's registered vehicles to be a Ford Focus passenger automobile bearing Pennsylvania License Tag Number: LJA-6564.

10. On January 8, 2024, Detective Manke Jr. performed a Plate Smart Vehicle query for Pennsylvania License Tag Number: LJA-6564.  This system is commonly referred to as the License Plate Reader (LPR) system and is connected to remote cameras located on roadways within Westmoreland and Allegheny County, PA. The system observes and records vehicle license plate numbers, as well as photographs of vehicles, as they travel on public roadways.  Detective Manke learned that a dark colored Ford Focus bearing Pennsylvania License Tag Number: LJA-6564 was recorded in New Kensington in and between the hours of approximately 5:00 PM and 10:19 PM on January 5, 2024. Furthermore, at approximately 10:10 PM, the vehicle is seen heading in

4

the direction of 511 Birch Way (Patricia Beer's residence) and then at approximately 10:19 PM the vehicle is again recorded, on the same plate reader camera as travelling away from 511 Birch Way.  The estimated time of the explosion was approximately 10:17 PM.  A subsequent photo of the vehicle, from the LPR camera, revealed it to be a blue Ford Focus with a large figure or emblem in the rear window and an after-market emblem on the trunk reading "FUCTUS." While these additional identifiers cannot be seen on the January 5th video footage from Patricia Beer's security video due to darkness, the rear lights/ lights/ brake lights of the suspect vehicle as seen in the video recorded by Patricia Beer's security camera on January 5th appear similar to these particular vehicle features on the Ford Focus registered to Roam Beer as seen on LPR video on January 5th.

11. On Monday, January 8, 2024, your affiant was made aware of the January 5th incident and went to 511 Birch Way to search for additional evidence and interview Patricia Beer.  During a subsequent search of the scene, your affiant located additional items to include heavy layered cardboard fragments with an outer wrapping of blue and white colored paper, additional masses of BBs in hot melt glue, black plastic tape and blue paper tape.

12. Patricia Beer was also interviewed and told your affiant that Roam Beer had been living with her at 511 Birch Way until September 2023 but began to abuse her. She then filed an emergency Protection from Abuse (hereinafter "PFA") against Roam Beer who was removed from the house by police on or about September 22, 2023. Patricia stated that Roam Beer was currently living with Jenifer Shaffer in Rossiter, PA.

5

Your affiant learned that Jenifer Shaffer currently goes by her married name of Jenifer Wright.

13. Patricia further told your affiant she was familiar with explosives, and she had in the past taught Roam Beer how to make explosive devices which she referred to as "Quarter Sticks." Patricia admitted to making several of these devices to use as "noise makers" and had stored these under her bed in a locked safe. However, at the request of your affiant, and upon checking the safe on January 8th, 2024, Patricia discovered that the explosive devices were missing from the safe. Patricia told me that she kept the key in a jewelry box and Roam Beer knew of its location. On January 11, 2024, Patricia told me that she had not seen the explosive devices since early September of 2023, prior to Roam Beer being evicted from her residence. She described the three or four devices she had constructed (the missing devices) as explosive devices constructed of heavy cardboard tubes with a paper outer wrapper of red-white-blue color stripes; hot melt glue end caps approximately 1 inch in diameter; filled with explosive; fused with green pyrotechnic fuse. She and Roam Beer had in the past lit similar homemade explosive devices, and they worked. Patricia Beer told your affiant she did not glue metal BBs to the devices as she knew this would turn them into a bomb.

14. It is believed that the fragments of the explosive bomb recovered during the investigation of the January 5th explosion at 511 Birch Way fit the description of the devices Patricia Beer admitted to constructing, with the exception that Patricia Beer did not add shrapnel to her devices. The metal BBS were at some point added and glued to the explosive device to act as shrapnel by Roam Beer or persons familiar to him.

6

15. On January 10, 2024, your affiant interviewed Jenifer (Shaffer) Wright. Jenifer confirmed that Roam Beer had been residing with her, at 32 Hill Street, Rossiter, PA 15722 since his estranged wife (Patricia Beer) had filed a PFA against him (Roam Beer) and had him (Roam) removed from her (Patricia's) home.  In September 2023, one of Jenifer's cousins had given Roam a dark blue in color Ford Focus car and Roam Beer had modified the vehicle by putting a "Baby Yoda" sticker in the rear window and changing the emblem on the trunk to read "FUCTUS" (replacing the word FOCUS). Roam was the sole driver of the vehicle and would not let others drive it.  Roam also received his vehicle insurance bill in the mail at 32 Hill Street.

16. On January 5, 2023, she was home all day.  She currently didn't work because of illness.  She believed that her cousin's kids had come to the house that day but initially couldn't recall if this was Thursday (January 4) or Friday.  She was again unsure, but believed Roam picked up her daughter Vivian from the bus on Friday around 3:45PM.  Jenifer couldn't remember any further details on the evening, except that she went to bed, alone, around 9-9:30PM.  She and Roam sleep in the same bedroom.  She thought that Roam was working on a light in the garage and came into her room after 11:00 PM, turned on her lights, and asked if the kids were sleeping.

17. Furthermore, prior to the interview of Jenifer Wright, your affiant viewed surveillance cameras to be affixed to the exterior of her residence.  Wright further confirmed the existence and working operability of these cameras as she informed your affiant that I had been viewed on these cameras prior to starting her interview.

18. Based on your affiant's training, knowledge, and experience, it is believed that the device described herein meets the definition of a destructive device/ explosives

bomb.  Your affiant also consulted with ATF Explosives Enforcement Officer Michael Eldredge, who is a court recognized expert in the classification of destructive devices and explosives.  He opined that the device, pending final laboratory analysis, meets the definition of an explosive bomb.  Explosive bombs are destructive devices as the term is defined under 26 U.S.C. § 5845(f).  It is further alleged that the device was manufactured, transported and used as a weapon, on January 5th, 2024, by Roam Beer.

19. On or about January 11, 2024, your affiant caused a query of the National Firearms Registration (hereinafter "NFRTR") and transfer record and found that Roam Beer does not have any items registered in the National Firearms Registration and Transfer Record, to include destructive devices, and therefore is in violation of **Title 26, United States Code, Section 5861(d).**

20. Furthermore, your affiant knows through training and experience that persons possessing or manufacturing destructive devices commonly maintain and conceal in their residences or on their persons, their explosives, and components as well as documents such as receipts, evidencing the purchase of those items.  Furthermore, your affiant knows that persons unlawfully possessing destructive devices can seek to conceal their activities by storing such devices in places only accessed by them such as locked outbuildings or vehicles located upon their property.  These items are further described in Attachment B.

21. Finally, it is believed that recorded video surveillance footage may be stored/ maintained in the residence as described in Attachment A that may further corroborate the previously obtained evidence of Roam Beer having been present in New Kensington and away from his residence in Rossiter on January 5th, 2024.

22. Based upon the information revealed during this investigation there is probable cause to believe evidence of the above-mentioned violations, described further in Attachment B, will also be found stored at 32 Hill Street, Rossiter, PA 15772, as described further in Attachment A. There is probable cause to believe that evidence of unlawful activity such as records, proceeds and/or other documentation of the activity could be concealed therein.

23. Based upon the foregoing, your affiant believes that probable cause exists to search 32 Hill Street, Rossiter, PA 15772 to include any and all outbuildings and vehicles upon the curtilage for items as described in Attachment B, to wit, fruits, evidence, and instrumentalities of violations of **Title 26, United States Code, Section 5861(d).**

The above information is true and correct to the best of my knowledge, information and belief.

*s/Benjamin M. Cornali*
Benjamin M. Cornali
Special Agent
Bureau of Alcohol, Tobacco,
Firearms and Explosives

Sworn and subscribed before me, by *telephone*
pursuant to Fed. R. Crim. P. 4.1(b)(2)(A),
this 11th day of January, 2024.

_____
HONORABLE MAUREEN P. KELLY
United States Magistrate Judge

**ATTACHMENT A**

**DESCRIPTION OF PLACE TO BE SEARCHED**

The SUBJECT PREMISES is described as follows:

32 Hill Street, Rossiter, PA 15772 is a multi-story residence with attached garage. The structure has cream siding and white trim. It faces Hill Street and the number "32" is marked on or near the front porch by green sign.



10

**ATTACHMENT B**
**DESCRIPTION OF ITEMS TO BE SEIZED**

All evidence of offenses of **Title 26, United States Code, Section 5861(d)** including but not limited to the following:

A.   Explosive materials, explosive devices and/or destructive devices.

B.   Completed explosive and/or destructive devices and incomplete devices (i.e., their components parts) to include remnants of previously functioned devices and their packaging or storage materials.

C.   Components of explosive and destructive devices to include shrapnel, fuse, containers, end plugs, adhesive materials, and other materials used to manufacture such devices.

D.   Documentation related to the purchase, ownership, use, construction, or transport of explosives devices and/or destructive devices or their component parts including but not limited to sales slips, receipts, manuals, ledgers, bank statements, financial account statements, tax records and other financial documents found in hard copy or digitally stored on computer hardware or software

E.   Tools used to construct explosive devices and/or destructive devices including but not limited to cutting devices, pliers, vices, punches, jigs, dies, glues, or other adhesives, mixing bowls, glassware or other containers, spoons, funnels, strainers or other mixing implements.

F.   All unmixed chemicals that, when combined can, or can be intended to produce an explosive material.

G. Digital recorded media and the devices which contain such media such as cameras, cell phones or video recorders/security camera systems and their recorded media.

H.   All items indicating ownership or residency of the premises.